CHIASSON, Judge.
American Bank & Trust Company, plaintiff, filed suit on a promissory note against the maker thereof, Emery J. Fontenot, ap-pellee and third party plaintiff, for the sum of $19,173.54 plus interest and attorney’s fees.
The appellee, while admitting the indebtedness to plaintiff, alleged that he had sold the property which secured the promissory note to Fontenot Building, Inc., intervenor and appellee, and that Fontenot Building had then sold the property to Dr. Allen Jackson, third party defendant and appellant, who assumed the obligation under the said note. Based on this allegation the appellees filed a third party action against the appellant alleging that the appellant was liable to the appellees for any amount awarded the plaintiff on its original demand.
Following a trial on the merits the District Court rendered judgment in favor of the plaintiff and against Emery J. Fontenot for the amount prayed for and in favor of the appellees and against the appellant for the amount awarded the plaintiff.
Only the judgment on the third party demand has been appealed.
The appellant contends that:
“The Court erred in determining that the error of Dr. Allen Jackson, which was initiated by the agent of Emery J. Fon-tenot and or Fontenot Building, Inc. was *1188 not such as to vitiate- the contract which Dr. Allen Jackson executed.”
The question of the validity of the contract between the appellees and the appellant was presented to this Court in Jackson v. Fontenot Building, Inc., La.App., 314 So.2d 516 (1st Cir. 1975), writs refused, La., 319 So.2d 442. As was recognized by the District Court the exception of res judicata and the doctrine of collateral estoppel do not apply in this case because the parties are not the same and, therefore, the judgment rendered in the previous litigation is not controlling.
The appellant contends that the contract is invalid because of an error of motive, which error resulted from a misrepresentation by the alleged agent of the appel-lees of the gross income to be realized from the property in question. (For a detailed treatment of the facts of this case see Jackson v. Fontenot Building, Inc., supra.)
Article 1826 of the Civil Code provides:
“No error in the motive can invalidate a contract, unless the other party was apprised that it was the principal cause of the agreement, or unless from the nature of the transaction it must be presumed that he knew it.”
From the evidence presented in this case, which evidence includes the records of the earlier litigation, it can be seen that the appellant never told Emery Fontenot or his agent that the gross income generated by the property was the principal cause of the contract. While gross income may have been, for the appellant, the principal cause of the agreement, it cannot be presumed from the nature of the contract that Emery Fontenot knew this fact. Therefore, there was no error of motive sufficient to vitiate the contract executed by the appellant.
For the above reasons, the judgment appealed is affirmed. Costs of this appeal to be paid by the appellant. .
AFFIRMED.